# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: _____

DOMONIQUE M. ROBINSON,

    Plaintiff,

vs.

YURMAN RETAIL NORTH AMERICA, LLC
d/b/a DAVID YURMAN ENTERPRISES, LLC
d/b/a DAVID YURMAN RETAIL, LLC,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, Domonique M. Robinson (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Yurman Retail North America, LLC d/b/a David Yurman Enterprises, LLC d/b/a David Yurman Retail, LLC. (hereinafter "Defendant" or "employer"), alleging violations of the Florida Civil Rights Act and hereby challenges Defendant's continuing policy, pattern and practice of discrimination against Plaintiff's protective class with respect to performance evaluations, pay, promotions, and other terms and conditions of employment, alleges as follows:

1. Defendant has implemented these policies and practices despite knowing that they have a longstanding disparate impact on Plaintiff and similarly situated persons in Plaintiff's protected class. Defendant also retaliates against Plaintiff and similarly situated persons in Plaintiff's protected class.

2. As a result of Defendant's policies, patterns, and practices, female employees are subject to a hostile work environment and retaliated for exercising their legal rights in the workplace. Defendant's company-wide policies and practices systematically violate female employees' rights and result in the unchecked gender bias that pervades its corporate culture. The disadvantage to female employees, such as Plaintiff, in treatment due to her pregnancy is not isolated or exceptional, but rather the regular and predictable result of Defendant's policies and practices and lack of proper accountability measures to ensure fairness.

3. In addition to bringing this action on her own behalf, Plaintiff also brings this action on behalf of a class of similarly situated current and former female employees employed by Defendant ("the Class"), in order to end Defendant's discriminatory policies and practices and to make the Class whole.

4. The Florida Civil Rights Act (FCRA), prohibits employers from discriminating against women on the basis of pregnancy, childbirth, or related medical conditions.

5. The FCRA mandates that employers must treat women affected by pregnancy, childbirth, or related medical conditions the same as non-pregnant employees, whether male or female, who are similar in their ability or inability to work.

6. The FCRA mandates employers such as Defendant treat pregnant employees such as Plaintiff who during the relevant time period, was limited in her ability to work because of pregnancy or pregnancy-related medical conditions, the same as non-pregnant employees who are similarly limited in their ability to work. Defendant failed to treat Plaintiff with an accommodation when it was requested because she temporarily was

unable to do the job in high heels because of pregnancy or pregnancy-related medical conditions.

7. Defendant treats pregnancy or pregnancy-related conditions differently from other medical conditions. Under the FCRA, employers cannot treat pregnancy or pregnancy-related medical conditions less favorably than other medical conditions.

## GENERAL ALLEGATIONS

8. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

9. Plaintiff is a female, she was and continues to be, a resident of Broward County, Florida who worked in Miami-Dade County; and was an employee of Defendant, performing duties as a qualified personnel for the Defendant, within a company operated business facility, located in South, Florida.

10. Defendant, is a for-profit corporation, duly authorized to conduct business in the State of Florida.

11. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

12. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

13. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

14. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

15. Pursuant to Florida Statute Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

16. Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to her Florida Civil Rights Act claims. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS FOR NAMED PLAINTIFF

17. Upon information and belief, Defendant maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

18. During all relevant times, Defendant was Plaintiff's employer within the meaning of all applicable statutes.

19. At all times pertinent hereto, Defendant has employed more than the requisite applicable statutory number of employees.

20. Defendant maintains uniform employment, compensation, performance review, and promotion policies.

21. Defendant cultivates and promotes a common corporate culture.

22. Defendant uses a common organizational structure, organizing technical employees by levels.

23. Defendant discriminates against females in (1) performance evaluations; (2) compensation; (3) promotions; (4) treating pregnancy or pregnancy-related medical conditions less favorably than other medical conditions; (5) retaliation for exercising protective rights.

24. Defendant uses uniform, unvalidated, and unreliable procedures for evaluating employee performance that systematically undervalue female employees relative to their similarly situated male peers.

25. Defendant employs uniform, unvalidated, and unreliable procedures for determining employees' compensation that disparately impact female professionals.

26. Defendant determines employees' compensation in large part by their performance review score. Because female employees systematically receive worse review scores, they earn less than their male peers.

27. Defendant employs common, unvalidated, unreliable, and discriminatory procedures for selecting employees for promotion.

28. Defendant does not apply legitimate or objective criteria for promotions amongst employees. Promotions are not determined by objective performance measures.

29. Defendant promotes an overwhelmingly disproportionate number of men, and passes over equally or more qualified women.

30. Plaintiff was discriminated against by Defendant employer based on her gender.

31. Plaintiff a female and began working for the Defendant on or about September 9, 205 as a Salesperson.

32. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven herself an exceptional and professional employee. Plaintiff performed her job well.

33. During her tenure at Defendant, Plaintiff consistently achieved and usually exceeded her performance goals, and made significant contributions to Defendant's business. Yet, as a result of Defendant's agent's discriminatory and retaliatory behavior a hostile work-place was created.

34. During the relevant time period, Plaintiff was subjected to different terms and conditions of employment because of her sex and pregnancy and was retaliated for exercising her rights.

35. Plaintiff was constructively terminated on or about April 18, 2017 due to her gender.

36. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon her sex. Furthermore, Plaintiff was retaliated due to the exercise of their legal rights.

37. Even though Plaintiff followed employer's proscribed methods for reporting discrimination, Defendant failed to conduct a contemporaneous investigation into the serious issues raised by Plaintiff or make Defendant's human resources department aware of Plaintiff's concerns such that corrective and/or remedial action could be taken. As a result, Defendant never followed up with Plaintiff about the steps that were being taken to address Plaintiff's concerns, as there were none.

38. Inter alia what led to Plaintiff's termination was Plaintiff's refusal to remain silent in the face of a toxic culture that included discriminatory comments, discriminatory acts against protected class.

39. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

40. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

41. Plaintiff is informed and believes and thereon alleges that pursuant to the Florida Civil Rights Act, it is unlawful to harass employees based on their statutory protected class, and that employers must take all reasonable steps to prevent harassment from occurring. Plaintiff is further informed and believes and thereon alleges that the FCRA holds

employers strictly liable for harassment by Plaintiff's direct supervisor or any other manager.

42. Plaintiff is informed and believes and thereon alleges that, based on the allegations as set forth herein, and throughout this complaint, employer knew of the harassing and discriminatory conduct directed at Plaintiff and are responsible for, and liable for, the harassment and hostile work environment created by the harassment and discrimination done to Plaintiff, based on Plaintiff's protected class as stated within Plaintiff's charge of discrimination filed pre-suit with the Equal Employment Opportunity Commission.

43. As a direct and proximate result of Defendant's unlawful harassment of Plaintiff, and the creation of a hostile work environment, as alleged herein, Plaintiff has suffered loss of income, and has experienced stress and severe emotional distress, thus entitling Plaintiff to damages in an amount to be proven at the time of trial in this matter. Plaintiff is further informed and believes and thereon alleges that the conduct of Defendant was severe and pervasive.

44. As a direct and proximate result of Defendant, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

45. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

46. Plaintiff had no significant history of discipline, performance or attendance issues.

47. Plaintiff worked without issue until late September 2016, when she began being treated negatively because she was pregnant.

48. When Plaintiff entered her eighth month of pregnancy, her manager, Grace Richetto started give Plaintiff job duties and various tasks that would be extremely difficult for a pregnant woman.

49. Plaintiff's manager would often drop items on the floor and require Plaintiff to bend down and pick them up.  If Plaintiff protested, Grace Richetto would make snide comments like "you do want that promotion, right?!"

50. Plaintiff's manager would mock Plaintiff for taking a few minutes to sit down and rest her feet.

51. Manager Richetto made Plaintiff wear high heels to work when no other female, non-pregnant employee was required to do so.

52. On or about October 1, 2016, Plaintiff contacted Barbra Katz, Chief Human Resources Officer for Defendant, to discuss Ms. Richetto's discriminatory actions towards her and the disparate treatment to which she was being subjected.  Plaintiff also spoke to her doctor about the way she was being treated at Defendant.  Because of the stress she was being put under by Ms. Richetto and the toll of her pregnancy, the doctor suggested she take her pregnancy leave under the FMLA, a few weeks early.  Subsequently, Plaintiff applied for and was approved for her FMLA leave which began on October 10, 2016.  After exhausting her allotted twelve (12) weeks, Plaintiff was ready to return to work on January 13, 2017.  Unfortunately, when Plaintiff returned to work, not much had changed with Ms. Richetto.  In fact, the situation had grown more dire.  To that end, in late February, Ms. Richetto attacked Plaintiff, and made it clear that she was doing so because Plaintiff had reported her to Ms. Katz and Human Resources.   Ms. Richetto warned Plaintiff she "mad a bad move reporting her" and that if she calls again it "would hurt her more than" Ms. Richetto.

She also told Plaintiff that "her name is now dirty" and she has been "labeled as a troublemaker." To make matters worse, Ms. Richetto also threatened Ms. Robinson's job with comments such as "you need your insurance, so you better be careful what you say!" this conduct, to chill Plaintiff's use of Defendant's open door policy is illegal, and outrageous. The conduct continued, thereafter.

53. As a result of the retaliation to which Plaintiff was being subjected, Plaintiff emailed Ms. Calini, the new Regional Manager on March 17, 2017, to report how Ms. Richetto was retaliating against her. Ms. Katz was also made aware of these emails. as was the case previously, this only made the work environment worse for Plaintiff. Specifically, Ms. Richetto, in further retaliation, now scheduled Plaintiff to work every Sunday, leaving Plaintiff with only one day off while the rest of the store's employees had two days off. Ms. Richetto also started to take away customers from Plaintiff and assign them to other non-FMLA/previously pregnant employees, thereby diminishing Plaintiff's earning potential.

54. When it came time for Plaintiff's performance review, she was given a low score and told she "wasn't a team player," despite being told prior to her pregnancy and FMLA leave that she was an excellent employee. Despite the multiple complaints to Human Resources, there was no change in the treatment of Plaintiff. Face with the fact that Defendant's Open Door policy was shut in her face, and that the retaliation would continue, Plaintiff, as any reasonable person would do, reluctantly tendered her resignation on April 18, 2017. Ms. Richetto made Plaintiff feel as though she had no choice but to resign.

## COUNT I.

## DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

55. The foregoing facts are incorporated herein.

56. Plaintiff has filed a timely charge with the EEOC and has thus exhausted her administrative remedies.

57. Defendant has engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its pregnant female employees. Defendant has intentionally discriminated and retaliated against Plaintiff due to her pregnancy in violation of the Florida Civil Rights Act by, among other things:

    a. Utilizing a biased performance rating system;

    b. Utilizing a biased compensation system;

    c. harassment due to her pregnancy and exercising her legal rights;

    c. Utilizing a biased promotion system; and

    d. Failing to take reasonable and adequate steps to prevent and correct the use of standardless, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

42. These company-wide policies are intended to and do have the effect of:

    a. Denying Plaintiff business opportunities because of gender/pregnancy and retaliation for reporting her disparate treatment;

    b. Compensating them less because of her gender/pregnancy;

    c. Failing to prevent retaliation because of her gender/pregnancy;

  d. Evaluating her performance more negatively because of her gender/pregnancy and exercising her legal rights; and

  e. Providing them with inferior terms and conditions of employment as a result of discriminatory performance measures that systematically disadvantaged her because of her gender/pregnancy.

55. The discriminatory acts that constitute Defendant's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

56. As a direct result of Defendant's discriminatory policies and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

57. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the Florida Civil Rights Act.

58. Plaintiff requests relief as hereinafter described.

  The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex considerations, or sex-based reasons.

58. The Plaintiff, possessed the requisite qualifications and skills to perform the position for the Defendant employer.

59. The Plaintiff was subjected to disparate treatment in the work place, in that a similarly situated employee was allowed opportunities not given to Plaintiff due to Plaintiff's legally protected category.

60. Defendant discriminated against Plaintiff on the basis of her sex and prgnancy, by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretexual reasons.

61. Similarly-situated employees in all relevant respects, outside of the Plaintiff's protected category, were treated more favorably than the Plaintiff.

62. Similarly-situated employees outside of Plaintiff's protected class, with substantially similar experience, credentials, job duties, and qualifications were treated to different and better terms and conditions of employment than Plaintiff.

63. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

64. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

65. Plaintiff has retained the services of the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

66. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and Plaintiff has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

E. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

F. Plaintiff demands a trial by jury.

## COUNT II.

## FAILURE TO PREVENT WORKPLACE DISCRIMINATION AND HARASSMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

67. The foregoing facts are incorporated herein.

68. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

69. Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

70. Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

71. As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

G. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

H. Award Plaintiff as to this count prejudgment interest; and

I. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

J. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

K. Plaintiff demands a trial by jury.

L. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

## COUNT III.

## RETALIATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

72. The foregoing facts are incorporated herein.

73. The Florida Civil Rights Act prohibits an employer from retaliating against an employee for engaging in protected activity under the Act. The law prohibits and addresses employers who punish their employees for properly reporting inappropriate conduct, making the victim even worse off.

74. Plaintiff engaged in protected activity under the Act by complaining to Defendant about the disparate treatment to which Plaintiff was subjected to and by speaking out against Defendant's failure to hold its own employees accountable for their discriminatory conduct that violates the FCRA.

75. Upon information and belief, Defendant was aware of Plaintiff's protected activities.

76. Upon information and belief, Defendant retaliated against Plaintiff for engaging in these protected activities.

77. Defendant's actions have directly and proximately caused Plaintiff loss of income and other financial benefits, and have caused Plaintiff severe emotional distress, pain and suffering, embarrassment, humiliation, indignity, and damage to Plaintiff professional reputation.

78. Upon information and belief, Defendant's conduct was motivated by intentional, discriminatory animus that injured Plaintiff; their conduct was willful and outrageous; and their conduct was aggravated by evil motive, actual malice, or with reckless indifference to Plaintiff's legal rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

M.  Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

N.  Award Plaintiff as to this count prejudgment interest; and

O.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

P.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Florida Law.

Q.  Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

R.  Plaintiff demands a trial by jury.

Dated this 13th day of October, 2020

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel.  (305) 416-5000
E-Mail: agp@rgpattorneys.com

By: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637